UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| JEROME THOMAS, | |
| Petitioner, | No. 0:10-CV-00098-HRW |
| v. | |
| J.C. HOLLAND, *Warden*, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Jerome Thomas, confined in federal custody in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland") has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 2]. As Thomas has paid the $5.00 filing fee, the Court screens his petition pursuant to 28 U.S.C. § 2243. At the screening phase, the Court must dismiss any petition that "is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself without need for consideration of a return." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citations omitted).[1]

---

[1] The Court holds *pro se* pleadings to less stringent standards than those drafted by attorneys. *Burton* v. *Jones,* 321 F.3d 569, 573 (6th Cir. 2003); *Hahn* v. *Star Bank,* 190 F.3d 708, 715 (6th Cir. 1999). During screening, the Court accepts as true a *pro se* litigant's allegations and liberally construes them in his favor. *Urbina* v. *Thoms,* 270 F.3d 292, 295 (6th Cir. 2001).

Thomas alleges that his 290-month federal sentence violates the Due Process Clause of the United States Constitution because it was improperly enhanced the federal sentencing guidelines. Because Thomas does not allege that he is actually innocent of the federal drug possession and firearm offenses to which he pleaded guilty, or that he is otherwise entitled to relief under § 2241, his petition will be denied, and this action will be dismissed with prejudice.

**FEDERAL CONVICTION AND COLLATERAL CHALLENGES**

On October 18, 2004, Thomas pled guilty to possession with the intent to distribute more than five (5) grams of cocaine base in violation of 21 U.S.C. § 841(a)(l), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(l)(A). *See United States v. Thomas*, 7:04-CR-00095-FL-1 (E.D.N.C. ) ("the Trial Court").

Thomas was sentenced to a two hundred thirty (230) month prison term on the § 841 (a) drug offense and the § 924(c)(1)(A) firearm offense. Thomas also received an additional consecutive sixty (60) month sentence, under the provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e).[2] The ACCA requires a five-year sentence for one convicted of using a firearm in connection with a drug

---

[2] Under 18 U.S.C. § 924(e), a person is considered an armed career criminal if the present conviction is for a violation of § 922(g), and he has at least three prior convictions for a violent felony or a serious drug offense, or both, which were committed on different occasions.

transaction. Thomas' total sentence was 290 months.

Thomas appealed, but on January 27, 2006, the Fourth Circuit Court of Appeals granted the government's motion to dismiss the appeal. *United States v. Thomas*, No. 05-4269 (4th Cir. January 27, 2006) (unpublished); *see also* Trial Court Docket [D. E. No. 21].[3] Thomas then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his trial counsel was ineffective for failing to object to a prior state court conviction used to enhance his sentence as a career offender, and that the prosecutor's misrepresentation of that conviction as a qualifying felony under U.S.S.G. § 4B1.2(b) denied him due process of law.

The Trial Court denied the § 2255 motion, finding that because Thomas' state court conviction constituted a felony under North Carolina law, both his Sixth Amendment ineffective assistance of counsel claim and his Fifth Amendment due process claim lacked merit. *See* Trial Court Record [D. E. No. 29].

Thomas appealed, but on June 7, 2007, the Fourth Circuit dismissed the appeal and refused to issue a Certificate of Appealability [*Id.*, D. E. No. 33]; *see also*

---

[3] The dismissal was based on *United States v. Blick*, 408 F.3d 162 (4th Cir. 2005), which holds that when a defendant pleads guilty and waives his right to appeal, he cannot appeal on any ground either the sentence that is within the maximum provided in the statute of conviction, or the manner in which any sentence within the maximum provided in the statute of conviction was determined. The statutory maximum term of imprisonment for possession with intent to distribute over five grams of cocaine base, in violation of § 841(a)(1), is 480 months. Thomas' current federal sentence, even as enhanced, was 290 months.

*Thomas v. United States*, 229 F. App'x 247 (4th Cir. 2007). That court concluded that Thomas had not shown that he had been denied a constitutional right, as required by 28 U.S.C. § 2253(c)(2), or that the Trial Court had erred in denying his § 2255 motion. *Thomas*, 229F. App'x at **1.

Thomas then requested a Certificate of Appealability asserting new claims about his trial counsel's alleged inadequacies. The Trial Court denied the motion because Thomas did not raise the issues in his original § 2255 petition and did not demonstrate that his constitutional rights had been denied [D. E. No. 35].

Thomas again appealed. On March 7, 2008, the Fourth Circuit dismissed the appeal and refused to issue a Certificate of Appealability, finding that Thomas had not made shown that his constitutional rights had been denied [D. E. No. 42]; *see also Thomas v. United States*, 231 F. App'x 231 (4th Cir. 2008).

## CLAIMS ASSERTED IN THE § 2241 PETITION

Thomas argues that based on two Supreme Court cases, *United States v. Rodriquez*, 553 U.S. 377 (2008), and *Carachuri–Rosendo v. Holder*, 130 S.Ct. 2577 (2010), one of his prior North Carolina drug convictions[4] no longer constitutes a

---

[4] Thomas states that in August 2001, he pled guilty in the North Carolina state courts to Possession with Intent to Distribute Cocaine and received a 10-month sentence; that in June 2001, North Carolina officials charged him with committing the same offense; and that in May 2002, he received an 11-month sentence for Possession with Intent to Distribute Cocaine .

predicate offense for sentence enhancement purposes; that he is actually innocent of being a career offender; and that his federal sentence was improperly enhanced.

## DISCUSSION
1. <u>28 U.S.C. § 2255 Remedy Was Not Inadequate or Ineffective</u>

Thomas is not entitled to relief under § 2241. In challenging his enhanced federal sentence, he fails to assert a legitimate claim of actual innocence or to show that a retroactively applicable Supreme Court decision affords him relief.

Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (citing 28 U.S.C. § 2255(a)). It is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10-cv-00036, 2010 WL at 3283018 at * 6 (E.D. Tenn., August 17, 2010).

The "savings clause" of § 2255 permits relief under § 2241 if § 2255 is "inadequate or ineffective to test the legality of the detention." *Terrell*, 564 F.3d at 447; *Witham v. United States*, 355 F.3d 501, 505 (6th Cir. 2004)); *see* 28 U.S.C. § 2255(e). A federal prisoner may not challenge his conviction and sentence under § 2241 "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief." *See* 28 U.S.C. § 2255(e). He must prove that his § 2255 remedy is inadequate or ineffective to

5

challenge the legality of his detention. *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

A movant can also implicate the savings clause when he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003), which requires "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. at 623-24; *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001). The movant must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent of the crime." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Thomas does not allege that after he was convicted, new facts or evidence surfaced suggesting that he is actually innocent of either of the two offenses of which he was convicted. *See Bousley*, 523 U.S. at 620; *Enigwe v. Bezy*, 92 F. App'x 315, 317 (6th Cir. 2004) ("Although this court has not determined the exact scope of the savings clause, it appears that a prisoner must show an intervening change in the law that establishes his actual innocence in order to obtain the benefit of the savings clause."); *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002).

Thomas previously challenged the use of his prior state court drug conviction

6

in his § 2255 motion, when he argued that the prosecutor had improperly represented it as a qualifying felony and thereby denied him due process of law. Despite as an adverse ruling there, he raises the claim again in his § 2241 petition. The denial of his claim in the § 2255 proceeding does not mean that the remedy was inadequate or ineffective to challenge his detention. *Charles v. Chandler*, 180 F.3d at 756-58.

Further, Thomas' challenge of his enhanced sentence is, at best, one of "legal innocence," not "actual innocence" of the two underlying federal offenses of which was convicted. The term "legal innocence" is distinguishable from claims of "actual innocence" of the underlying offense charged in the indictment. *Poole v. Barron*, No. 04-CV-95, 2004 WL 5605485 * 5 (E. D. Ky., May 26, 2004).

Federal courts have not extended the savings clause to § 2241 petitioners, like Thomas, who challenge only their sentences. *Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir. 2009); *United States v. Poole*, 531 F .3d 263, 267 n. 7 (4th Cir. 2008); *see also Talbott v. Holencik*, No. 08-619, 2009 WL 322107, at *6-7 (C.D. Cal. Feb. 5, 2009). "No apparent legal authority supports the notion that this court, pursuant to § 2241, may adjudicate whether Petitioner is actually innocent of a sentence-enhancing prior offense." *Evans v. Rivera*, No. 09-1153, 2009 WL 2232807, at* 4 (D.S.C., July 23, 2009); *Wofford v. Scott,* 177 F.3d 1236, 1244-1245 (11th Cir. 1999) (holding that it is unclear to what extent a petitioner can show actual innocence

when challenging his sentence).

Similarly, this Court and other courts in this circuit have applied this rule to challenges to sentencing enhancements, and the Sixth Circuit has approved. *Cf. Howard v. Shartle*, No. 4:10-CV-01128, 2010 WL 2889104, at *2 (N. D. Ohio July 20, 2010) (finding that the § 2241 petitioner did not assert a claim of actual innocence of the federal crime of which he was convicted, but instead alleged only that he was actually innocent of being a career offender); *Dismuke v. United States*, No. 10-179-GFVT, 2010 WL 2859079, at * 4 (E. D. Ky., July 19, 2010) (same) *Johnson v. Cauley*, No. 09-52-HRW (E.D. Ky. 2009), *aff'd*, No. 09-5991 (6th Cir. July 9, 2010) (holding that challenge to sentence enhancement based upon prior state conviction is not cognizable under § 2241); *McClurge v. Hogsten*, 10-CV-66-GFVT, 2010 WL 2346734, at * 4 (E. D. Ky., June 10, 2010) (same). Consequently, Thomas's § 2241 claim of "actual innocence" as to his enhanced sentence is insufficient to invoke the savings clause of § 2255 and the provisions of § 2241.

Regardless, the Court considers whether *Rodriquez*, and *Carachuri–Rosendo* support Thomas' argument that his two prior state drug convictions did not render him a "career offender" under U.S.S.G. 4B1.1, and whether the two cases apply retroactively. *See Bousley*, 523 U.S. at 620.

In *Rodriquez*, the Supreme Court decided whether a statutory recidivism

enhancement should be accounted for in determining, under the ACCA, the "maximum term of imprisonment ... prescribed by law" for a prior offense of conviction. *Rodriquez*, 553 U.S. at 380–82. The Court held that it could, stating that the "maximum term of imprisonment of ten years or more ... prescribed by law" referred to in § 924(e)(2)(A)(ii) included any recidivist enhancements provided for under state law. *Id*. at 393.

Thomas' reliance on *Rodriguez* is unavailing. First, Thomas alleges that in 2009, he sought the Fourth Circuit's permission to file a successive § 2255 motion based on *Rodriguez,* but the appellate court denied his request. That denial does not mean that his § 2255 remedy was inadequate or ineffective to challenge his detention. *Charles v. Chandler*, 180 F.3d at 756-58. Second, *Rodriguez* does not address the criminality of the two underlying federal offenses of which Thomas was convicted, only the sentence imposed on him. Third, even if *Rodriguez* could be construed as relevant to Thomas' underlying conviction, it does not appear to apply retroactively to cases on collateral review, like Thomas'.

In *Carachuri–Rosendo*, the Supreme Court held that a second state offense for simple drug possession is not an aggravated felony if that conviction "has not been enhanced based on the fact of a prior conviction." *Carachuri–Rosendo*, 130 S.Ct. 2589 (2010). Thomas contends that because the requisite recidivist finding was not

9

specifically set forth in his second state court sentence, and appeared neither as part of the judgment of conviction nor the formal charging document, the Government did not establish that he had been charged as a recidivist and "'convicted of a felony punishable' as such 'under the Controlled Substances Act,' 18 U.S.C. § 924(c)(2)." [D. E. No. 2-1, p. 13,(citing *Carachuri–Rosendo*, 130 S.Ct. at 2587 n. 12)].

Thomas also argues that under *Carachuri–Rosendo*, his two prior state drug convictions, each of which resulted in *actual* sentences of less than 12 months, did not qualify as predicate convictions under U.S.S. G. § 4B1.2, even if the state judge *could have* sentenced him to twelve-months on the offenses, but did not do so [5]

It is unlikely that *Carachuri–Rosendo* assists Thomas. *Carachuri–Rosendo* holds that prior convictions for "simple" possession of drugs can no longer be the basis for enhancing a subsequent federal sentence. "Simple" possession is just that- possession, an offense from which the defendant would derive no economic benefit. But neither of Thomas's two prior state court convictions were for "simple" drug

---

[5]

Thomas alleges that neither of his prior state court convictions qualified as prior "felonies" because the state court judge could have imposed no more that a ten (10) month sentence on either offense. [D. E. No. 2-1, pp. 5-7]. But according to the sentencing transcript attached to Thomas' § 2241 petition, the federal prosecutor disagreed. He informed the Trial Court at sentencing that North Carolina law specifically labeled Thomas' state court convictions as "Class H" felonies; that Thomas could have received up to a twelve-month sentence on his first drug conviction and up to a fifteen-month sentence on his second conviction under North Carolina's recidivist laws; and that Thomas had other prior state court drug convictions, not part of his federal record, which elevated him to a "Level 2" under the North Carolina's Structured Sentencing Act. [D. E. No. 2-6, pp. 4-6].

possession; they were for possession of drugs *with intent to distribute*, trafficking offenses which could generate an economic benefit.

Thomas broadly stated that *Carachuri–Rosendo* applies to "an" offense, including his prior state court drug trafficking convictions, but the Supreme Court's distinction between "simple" drug possession versus aggravated drug "trafficking" offenses defeats that claim. Carachuri–Rosendo was being considered for removal from the country, but the Supreme Court determined that he was eligible for removal under the applicable statutes *only* if he had been convicted of an aggravated felony, which it identified as a conviction for "illicit trafficking in a controlled substance," including a "drug trafficking crime." *Id.* at 2585. The Court explained the distinction between "simple" drug possession and drug "trafficking" as follows:

> A recidivist possession offense such as Carachuri-Rosendo's does not fit easily into the "everyday understanding" of [illicit trafficking in a controlled substance]. . . . *Lopez*, 549 U.S. at 53, 127 S.Ct. 625. This type of petty simple possession offense is not typically thought of as an "aggravated felony" or as "illicit trafficking." We explained in *Lopez* that "ordinarily 'trafficking' means some sort of commercial dealing." *Id.* at 53-54, 127 S.Ct. 625 (citing *Black's Law Dictionary* 1534 (8th ed. 2004)). And just as in *Lopez*, "[c]ommerce ... was no part of" Carachuri-Rosendo's possessing a single tablet of Xanax, "and certainly it is no element of simple possession." 549 U.S. at 54, 127 S.Ct. 625. As an initial matter, then, we observe that a reading of this statutory scheme that would apply an "aggravated" or "trafficking" label to any simple possession offense is, to say the least, counterintuitive and "unorthodox," *ibid*.

*Carachuri–Rosendo*, 130 S. Ct. at 2585.

Under federal sentencing law, criminal intent to distribute must be proven and not merely implied. *See* U.S.S.G. § 2L1.2(b)(1)(A)(i). However, as noted, Thomas pled guilty in the Trial Court to the § 841(a) and § 924(c) offenses for which he is currently serving his sentence, and in doing so, he admitted that he committed two prior drug *trafficking* offenses- both felonies under North Carolina law- by possessing drugs *with intent to distribute.* As the Fourth Circuit has determined, Thomas' guilty plea is binding, *United States v. Blick*, 408 F.3d 162.

Finally, even if Thomas is correct about *Carachuri–Rosendo*, he must still show that it applies retroactively to cases on collateral review. The United States District Court for the Western District of North Carolina recently addressed whether *Carachuri–Rosendo*, is retroactive, but based on the dearth of case law, declined to apply it retroactively. *See Walker v. United States*, 2011 WL 1337409, at *3 (E.D.N.C. April 07, 2011); *United States v. Powell*, Nos. 5:10cv137–V–5, 5:03cr37–13, 2011 WL 32519, *4 (W.D.N.C. Jan. 4, 2011). Following that approach, and based on its own analysis of *Carachuri–Rosendo* above, this Court is also unwilling to apply it retroactively to a case on collateral review without further guidance from the Supreme Court or any Courts of Appeal.[6]

---

[6] Thomas is free to appeal the issue of whether *Carachuri–Rosendo* announced a new rule of law that applies retroactively to cases on collateral review.

As Thomas has not shown that he is actually innocent of possession with the intent to distribute cocaine base in violation of § 841(a)(l), and possession of a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(l)(A), or that a retroactively applicable Supreme Court decision affords him relief, the savings clause of § 2255 does not apply. Thomas's § 2241 petition will be denied, and this action will be dismissed, with prejudice.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) Jerome Thomas' 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [D. E. No. 2] is **DENIED**;

(2) This action is **DISMISSED**, *sua sponte*, with prejudice; and

(3) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, J.C. Holland, Warden, FCI-Ashland.

This June 15, 2011.



Signed By:
Henry R Wilhoit Jr.
United States District Judge